# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MASSACHUSETTS
# WESTERN DIVISION

| | |
|---|---|
| **In re**<br>**DAVID CHAPIN,**<br>**HILLARY CHAPIN,**<br>               **Debtors** | **Chapter 7**<br>**Case No. 20-30509-EDK** |

### TRUSTEE'S MOTION FOR ORDER APPROVING PRIVATE SALE OF PROPERTY OF THE ESTATE FREE AND CLEAR OF LIENS AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §363(b) and (f)

### (24R WOODLAND HEIGHTS, WALES, MASSACHUSETTS)

Now comes Steven Weiss, Trustee in the above Chapter 7 case, through his counsel, and hereby moves, pursuant to Bankruptcy Code §§363(b) and (f), and Bankruptcy Rule 6004(c) for authority to sell the estate's interest in approximately 2.5 acres of undeveloped real estate located at 24R Woodland Heights, Wales, Massachusetts, free and clear of all liens, claims, mortgages, security interests, charges, encumbrances, and other interests to James and Patricia Korman (the "Purchasers") or their nominee, for the sum of $15,000.00, as described herein. In support thereof, the Trustee respectfully states as follows:

1. On October 13, 2020 David and Hillary Chapin (the "Debtors") filed a petition for relief under Chapter 7 of the Bankruptcy Code with this Court.

2. The matters set forth in this motion constitute core proceedings pursuant to 28 U.S.C. §157(b)(2)(M).

3. Mr. Chapin owns approximately 2.5 acres of undeveloped land located at 24R Woodland Heights, Wales, Massachusetts (the "Property"), as more fully described in a deed

recorded in the Hampden County of Deeds at Book 19001, Page 51. While the Property is assessed by the Town of Wales at $46,000.00; however, the Property has limited road access. Public records indicate Mr. Chapin acquired the Property at a tax sale in 2011 for $9,000.00.

4. Based on the Trustee's review of various title reports, the Trustee believes that the Property is not subject to any consensual liens, and to real estate taxes and municipal charges to the Town of Wales in the approximate amount of $750.00.

5. The Trustee entered into an agreement (subject to approval by this Court), to sell the Property to the Purchasers for the sum of $15,000.00. The Purchaser have paid a deposit of $2,500.00, which is being held by the Trustee. The agreement is not subject to a financing contingency. A copy of the Purchase and Sale agreement is annexed hereto as <u>Exhibit "A"</u>.

6. On information and belief, while the Purchasers own an adjacent property, they have no connections with the Debtors and are not insiders of the Debtor, as that term is defined in 11 U.S.C. § 101(31). Thus, the Trustee believes that the Purchasers are good faith purchasers as that term is used in 11 U.S.C. §363(m).

7. The Trustee believes that a sale of the Property by private sale is in the best interest of the estate. The Trustee conferred with a real estate broker, who indicated that given the relatively remote location of and limited access to the Property, it is not highly marketable. The Trustee solicited offers from other abutters, and parties known to the Trustee to acquire assets from bankruptcy estates, and this is best offer received.

8. The Trustee believes that the sale may be authorized pursuant to 11 U.S.C. § 363(f)(2).

9. As set forth in the notice of intended sale served contemporaneously herewith, the Trustee will solicit any offers for the Property in an amount of $15,750.00 or more, which are accompanied by a deposit of at least $2,500.00, on the same terms and conditions as the offer made by the Purchasers.

10. The Trustee further requests authority to make the following distributions from the sale: real estate taxes and any related municipal charges on the Property, and ordinary closing costs. The remaining proceeds to be held pending further order of this Court.

WHEREFORE, the Trustee respectfully prays:

1. That this Court authorize the Trustee's motion for sale of the Debtor's Property to James and Patricia Korman or their nominee free and clear of all liens and encumbrances, including tax liens, pursuant to the provisions of this motion;

2. That all encumbrances shall attach to the proceeds of the sale, to the extent that they are valid and perfected, in the same priority as they are entitled to under applicable law;

3. That the Trustee be authorized to execute all documents necessary to complete the sale;

4. That the Trustee be authorized to make payments from the sale proceeds as described above; and

5. For such further relief as this Court deems just and proper.

Dated this 2nd day of March, 2021.

STEVEN WEISS, TRUSTEE

By: /s/ Steven Weiss
Steven Weiss, Esquire

                        BBO# 545619
                        Shatz, Schwartz and Fentin, P.C.
                        1441 Main Street, Suite 1100
                        Springfield, MA  01103
                        (413) 737-1131
                        sweiss@ssfpc.com

20\0247\24R Woodland Hgts\Sale.Motion.1601

Exhibit A

## PURCHASE AND SALE AGREEMENT

1. PARTIES. This Agreement is made this __ day of _____, 2021 by and between STEVEN WEISS, Trustee in Bankruptcy for David and Hillary Chapin, Ch. 7 Case No. 20-30509-EDK (the "Seller"), and JAMES AND PATRICIA KORMAN, individuals with an address at 23 Clantoy Street, Springfield, Massachusetts 01104 (Collectively, the "Buyer").

2. DESCRIPTION. Subject to the terms and conditions hereinafter set forth, Seller agrees to sell and Buyer agrees to buy the land described as 24R Woodland Heights, Wales, Massachusetts, as described in a deed dated November 14, 2011 and recorded in the Hampden County Registry of Deeds at Book 19001, Page 51 (the "Premises").

3. CONSIDERATION. For such Deed and conveyance Buyer shall pay consideration of $15,000.00 (USD) of which $2,500.00 was paid as initial deposit upon the Seller's acceptance of Buyer's offer, and $12,500.00 is to be paid in cash, or by certified or bank check, or wire transfer upon delivery of the Deed upon delivery of the Deed.

4. CLOSING. The Premises are to be conveyed and the consideration paid on or before fifteen (15) business days after Bankruptcy Court approval, but not later than May 14, 2021 by a good and sufficient deed of Seller which shall be a TRUSTEE DEED conveying all the interest of Seller with QUITCLAIM COVENANTS, to Buyers, as joint tenants with right of survivorship, free and clear of all liens and encumbrances, pursuant to Bankruptcy Code §§ 363 (b) and (f). The parties agree that the closing will take place in Massachusetts, and in accordance with the laws of Massachusetts. All costs of deed and transfer stamps and all recording costs shall be borne by BUYER.

1. POSSESSION. Possession of the Premises is to be delivered to Buyer at the time of the delivery of the Deed.

2. ADJUSTMENTS. Real estate taxes and related charges owed at the time of closing shall be paid by the Seller from the proceeds of the sale, subject to allowance by the Bankruptcy Court.

3. DEPOSITS. All deposits made hereunder shall be held by the Seller, and shall be duly accounted for at the time for performance of this Agreement. In the event of a dispute between Seller and Buyer as to any or all of the provisions of this Agreement or the performance thereof, the Seller shall retain all deposits hereunder in the Seller's account for the Debtor's bankruptcy case, unless some other agreement is reached in writing between the parties, or until the dispute is resolved either by court judgment or by binding settlement between the parties.

5. DEFAULT. If the Buyer shall default under this Agreement, the Buyer shall forfeit the Buyer's deposit. The Seller's retention of the Buyer's deposit shall be the Seller's sole remedy at law and in equity for Buyer's default hereunder, as liquidated damages. Buyer and Seller agree that if and when this conveyance is completed and the deed of conveyance has been duly recorded, Seller shall not be entitled to claim a right to nor bring any action to recover under the liquidated damages provision of this Agreement.

6. <u>BANKRUPTCY COURT APPROVAL CONTINGENCY</u>. Seller's obligation to sell the Premises and Buyer's obligation to purchase the same are contingent upon approval by the United States Bankruptcy Court of this Agreement and the transaction contemplated herein. Seller shall file a motion for authority to sell the Premises within five (5) business days of the signing of this Agreement. Buyer acknowledges that Local Massachusetts Bankruptcy Court Rules require Seller to solicit higher offers for the Premises. The Trustee will request that the Court set the minimum higher offer at $15,750.00. If a higher offer is received, Buyer shall have an opportunity to respond at or before the hearing on the Motion for Approval of the Sale. If such approval is not obtained within seventy-five (75) days after date of this Agreement, either party may terminate this Agreement by notice to the other party, and upon receipt of such notice the Deposit will be returned to Buyer within three (3) business days thereafter.

7. <u>BROKERAGE FEE</u>. There is no broker's fee.

4. <u>TITLE INSURANCE CONTINGENCY</u>. There is no title insurance contingency.

8. <u>FINANCING CONTINGENCY</u>. There is no financing contingency.

9. <u>INSPECTION CONTINGENCY</u>. There is no inspection contingency.

10. <u>ACKNOWLEDGEMENT</u>. Buyer acknowledges that: (a) information has not been checked for accuracy by the seller; (b) public information was subject to buyer's verification; (c) each item was subject to direct inquiry by Buyer, and Buyer has been so advised; (d) the Seller makes no warranties or representations of any kind regarding the condition of the premises; and (D) buyer has not been influenced to enter into this agreement nor has buyer relied upon any warranties or representations not set forth or incorporated in this agreement or previously made in writing.

11. <u>CONSTRUCTION OF AGREEMENT</u>. This Agreement may be executed in one or more counterparts and each executed copy shall be deemed to be an original, is to be construed under the laws of Massachusetts, is to take effect as a sealed instrument, sets forth the entire agreement between the parties, is binding upon and inures to the benefit of the parties hereto and their respective heirs, devisees, executors, administrators, successors and assigns and may be canceled, modified or amended only by a written instrument executed by the parties hereto or their legal representatives. The Parties agree that the United States Bankruptcy Court for the District of Massachusetts shall have jurisdiction to interpret and enforce this Agreement, and that this agreement is governed by the Rules of Bankruptcy Procedure and the Local Bankruptcy Rules.

12. <u>NOTICE</u>. Any notice required to be given in this Agreement shall be in writing and shall be deemed to be duly given when delivered to the party entitled to such notice at their address set forth herein.

13. <u>ASSIGNMENT</u>. Buyer may assign his rights and responsibilities hereunder to any entity free of conflicted insiders controlled directly or indirectly by Buyer without Seller consent but with contemporaneous written notice to Seller.

Executed as a sealed instrument and effective as of the date first set forth above.

STEVEN WEISS, TRUSTEE OF
DAVID AND HILLARY CHAPIN

March 1, 2021
Date

By _____
Steven Weiss, Chapter 7 Trustee

JAMES KORMAN

2/25/2021
Date

By _____
James Korman

PATRICIA KORMAN

2/25/2021
Date

By _____
Patricia Korman

20\0247\24R Woodland Hgts\Sale Agreement.1601

3

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MASSACHUSETTS
# WESTERN DIVISION

| | |
|---|---|
| **In re**<br>**DAVID CHAPIN,**<br>**HILLARY CHAPIN,**<br>            **Debtors** | **Chapter 7**<br>**Case No. 20-30509-EDK** |

## CERTIFICATE OF SERVICE

      I, Steven Weiss, of Shatz Schwartz and Fentin, P.C., do hereby certify that on March 2, 2021, copies of the foregoing **Motion for Sale and Notice of Sale** were mailed via electronic and/or first-class mail, postage pre-paid, to the following:

David S. Chapin
Hillary K. Chapin
38 Walker Road
Wales, MA  01081

Donald R. Lassman, Esq.
Law Office of Donald R. Lassman
P.O. Box 920385
Needham, MA  02492

Town of Wales
Office of the Tax Collector
P.O. Box 22
3 Hollow Road
Wales, MA 01081

William Haughey
20 Woodland Heights Drive
Wales, MA 01081

Sean C. Madura
26 Woodland Heights Drive
Wales, MA 01081

Joseph Vaughan
24 Woodland Heights Drive
Wales, MA 01081

James and Joseph Korman
23 Clantoy Street
Springfield, MA 01104


                                                               /S/ Steven Weiss
                                                             Steven Weiss, Esquire

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0101-3<br>Case 20-30509<br>District of Massachusetts<br>Springfield<br>Mon Feb  8 09:56:54 EST 2021 | Springfield<br>U.S. Bankruptcy Court<br>300 State Street, Suite 220<br>Springfield, MA 01105-2925 | American Express<br>PO Box 981535<br>El Paso, TX 79998-1535 |
| American Express National Bank<br>c/o Becket and Lee LLP<br>PO Box 3001<br>Malvern, PA 19355-0701 | (p)BANK OF AMERICA<br>PO BOX 982238<br>EL PASO TX 79998-2238 | Bank of America, N.A.<br>P O Box 982284<br>EL PASO, TX 79998-2284 |
| Bertin Engineering Inc.<br>POB 307<br>66 Glen Avenue<br>Glen Rock, NJ 07452-2132 | Bright Horizons<br>200 Talcott Avenue South<br>Watertown, MA 02472-5705 | (p)JPMORGAN CHASE BANK  N A<br>BANKRUPTCY MAIL INTAKE TEAM<br>700 KANSAS LANE FLOOR 01<br>MONROE LA 71203-4774 |
| Citi<br>POB 790046<br>Saint Louis, MO 63179-0046 | Citi Cards<br>PO Box 6500<br>Sioux Falls, SD 57117-6500 | Citibank, N.A.<br>5800 S Corporate Pl<br>Sioux Falls, SD 57108-5027 |
| David S Chapin<br>38 Walker Road<br>Wales, MA 01081-9704 | E D Financial<br>120 N Severn Oaks D<br>Knoxville, TN 37922-2359 | Eagle Pass Camp LLC<br>38 Walker Road<br>Wales, MA 01081-9704 |
| Edfinancial on behalf of US Dept of Educatio<br>120 N Seven Oaks Drive<br>Department of Education, PO Box 4830<br>Department of Education, PO Box 4830<br>Knoxville, TN 37922-2359 | Fire Equipment Inc.<br>POB 423<br>Reading, MA 01867-0623 | Hillary K Chapin<br>38 Walker Road<br>Wales, MA 01081-9704 |
| IPFS Corporation<br>30 Montgomery Street<br>Suite 501<br>Jersey City, NJ 07302-3821 | Isabel Kunkle<br>POB 200<br>Home, PA 15747-0200 | JPMCB Auto Finance<br>POB 901003<br>Credit Bureau Dispute Processing<br>Fort Worth, TX 76101-2003 |
| JPMorgan Chase Bank, N.A.<br>c/o Robertson, Anschutz & Schneid,<br>6409 Congress Avenue, Suite 100<br>Boca Raton, FL 33487-2853 | James Lowe<br>1238 Bushwick Ave<br>Apt 2<br>Brooklyn, NY 11221-4819 | Kendra Tornheim and Adam Stilgoe<br>26 Presidents Lane<br>Quincy, MA 02169-1929 |
| Kevin M. David, Esq.<br>271 Greenwood Street<br>Worcester, MA 01607-1733 | Lending Club Corporation<br>595 Market Street, Suite 200<br>San Francisco, CA 94105-2807 | Matthew Mitchell<br>1141 E Johnston Street<br>Madison, WI 53703-1625 |
| Monson Savings Bank<br>146 Main Street<br>Monson, MA 01057-1317 | Monson Savings Bank<br>146 Main Street<br>POB 188<br>Monson, MA 01057-0188 | National Grid<br>300 Erie Blvd W.<br>Syracuse, NY 13202-4250 |

| | | |
|---|---|---|
| National Grid<br>PO Box 960<br>Northborough, MA 01532-0960 | Nelnet<br>121 South 13th Street, Suite 201<br>Lincoln, NE 68508-1922 | Nelnet<br>PO Box 82561<br>Lincoln, NE 68501-2561 |
| Nelnet Loan Services<br>POB 82561<br>Lincoln, NE 68501-2561 | Partrdige, Snow & Hahn<br>40 Westminster Street<br>Suite 1100<br>Providence, RI 02903-2527 | Patriots Plumbing, LLC<br>20 Pleasant Street<br>Leicester, MA 01524-1438 |
| Subaru Motors Finance<br>POB 901076<br>Fort Worth, TX 76101-2076 | Sullivan Insurance Group, Inc.<br>1 Mercantile St<br>Ste 710<br>Worcester, MA 01608-3106 | TD Bank, USA by American InfoSource as agent<br>4515 N Santa Fe Ave<br>Oklahoma City, OK 73118-7901 |
| TD Bank, USA/Target<br>NCD-0450<br>POB 1470<br>Minneapolis, MN 55440-1470 | U.S. Small Business Administration<br>Little Rock Commerical Loan Servicing Ct<br>2120 Riverfront Drive, Suite 100<br>Little Rock, AR 72202-1794 | Upstart Network<br>2950 South Delaware St<br>San Mateo, CA 94403-2580 |
| Upstart Network Inc.<br>POB 61203<br>Palo Alto, CA 94306-6203 | Verizon by American InfoSource as agent<br>4515 N Santa Fe Ave<br>Oklahoma City, OK 73118-7901 | Webster First Federal Credit Union<br>1 Liberty Square<br>Boston, MA 02109-4877 |
| Webster First Federal Credit Union<br>271 Greenwood Street / PO Box 70505<br>Worcester, MA 01607-0505 | David S Chapin<br>P.O. Box 264<br>Wales, MA 01081-0264 | Donald R. Lassman<br>Law Offices of Donald R. Lassman<br>P.O. Box 920385<br>Needham, MA 02492-0005 |
| Hillary K Chapin<br>P.O. Box 264<br>Wales, MA 01081-0264 | Richard King<br>Office of the U. S. Trustee<br>446 Main Street<br>14th Floor<br>Worcester, MA 01608-2361 | Steven Weiss<br>1441 Main Street<br>Suite 1100<br>Springfield, MA 01103-1450 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | |
|---|---|
| Bank of America<br>POB 982234<br>El Paso, TX 79998 | Chase<br>Attn Correspondence Dept<br>PO Box 15298<br>Wilmington, DE 19850 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)JPMorgan Chase Bank, N.A.

End of Label Matrix
Mailable recipients    50
Bypassed recipients     1
Total                  51